The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 30, 2015, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 30, 2015**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 15-10859 |
| | ) | |
| CATRINA V. ROBERTS, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the Chapter 7 trustee's objection to the debtor's claim of exemption (Docket No. 17). At issue is whether the debtor is entitled to an exemption in an estimated $9,000 in child support arrearage under Ohio Revised Code § 2329.66(A)(11), even though her children are now adults

---

[1] This opinion is not intended for official publication.

and are no longer dependents of the debtor. Because the trustee failed to show that the debtor improperly claimed the exemption, the Court overrules the trustee's objection.

## JURISDICTION

An objection to a debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2015, the debtor, Catrina V. Roberts, filed a voluntary petition for bankruptcy relief under Chapter 7. On her Schedule C, the debtor claimed an exemption under Ohio Rev. Code Ann. § 2329.66(A)(11) of estimated child support arrearage in the sum of $9,000. On April 13, 2015, the trustee, Mary K. Whitmer, objected to the debtor's claim of exemption, arguing that the child support exemption applies only if the debtor is supporting the child at the time of filing. The debtor and trustee submitted supplemental briefing on the issue on June 16, 2015. The debtor concedes that her children are no longer her dependents, but argues that she is nonetheless entitled to the exemption since the child support arrearage is reasonably necessary for her support. The trustee

however, maintains that the child support arrearage would constitute a windfall to which the debtor is not entitled.

## DISCUSSION

Section 541 of the Bankruptcy Code provides that the commencement of a case creates an "estate," which, subject to a few specifically enumerated exceptions, is comprised of all the legal and equitable interests in property a debtor has at the commencement of the case. *See* 11 U.S.C. § 541. Section 522 of the Bankruptcy Code allows a debtor to claim certain property as exempt from the estate. States may adopt the federal exemptions provided in 11 U.S.C. § 522 or establish their own exemptions. *See* 11 U.S.C. § 522. Ohio has elected to opt-out of the federal exemptions. *See* Ohio Revised Code § 2329.662. "Therefore, any property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law." *In re Schramm*, 431 B.R. 397, 400 (6th Cir. BAP 2010).

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (internal quotation marks and citations omitted). "Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family."

3

*In re Schramm*, 431 B.R. at 400. "As such, exemptions are to be construed liberally in favor of the debtor." *Id.* (citing *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104–05 (1986)).

Likewise, the purpose of Ohio's exemption provisions is to allow "the debtor to protect property . . . necessary for the survival of both the debtor and the debtor's family." *In re Frederick*, 495 B.R. 813, 816 (Bankr. N.D. Ohio 2013) (internal citations omitted). In furtherance of this policy, Ohio "exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption." *In re Alam*, 359 B.R. 142, 148 (B.A.P. 6th Cir. 2006).

Furthermore, Ohio law requires that in construing a statute, it is the "duty of courts to give effect to the words used, not to delete the words used." *In re Wengerd*, 453 B.R. 243, 251 (B.A.P. 6th Cir. 2011). However, a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning. *Daugherty,* 504 N.E.2d at 1105.

As the objecting party, the trustee has the burden of proving, by a preponderance of the evidence, that the exemption is not properly claimed. *See* Fed. R. Bankr. P. 4003(c); 453 B.R. at 246.

At issue here is whether Ohio Revised Code § 2329.66(A)(11) permits the

4

debtor to claim an exemption for child support arrearage, even when the debtor is no longer supporting the child for whom the payment was intended. The pertinent language exempts "[t]he person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents." Ohio Rev. Code Ann. § 2329.66(A)(11) (West).

While the federal Bankruptcy Code creates the estate, bankruptcy courts look to the applicable state law to determine whether "child support arrearages (are) a property right of the parent or of the child." *In re Green*, 423 B.R. 867, 869 (Bankr. W.D. Ark. 2010). Ohio state courts generally presume that since the custodial parent already bore the expense of feeding, clothing and raising the child, the parent has the superior claim to the arrearage. *See Connin v. Bailey*, 472 N.E.2d 328 (Ohio 1984) (holding that "in the absence of evidence to the contrary, the court will presume that the child . . . was generally accorded the necessities of life, the payment for which the weekly support money was intended."); *Sutherell v. Sutherell*, No. 97-L-296, 1999 WL 417990 at *6 (Ohio App. Ct., June 11, 1999) (stating that "[i]t is well accepted that money sought for back child support was advanced by the custodial parent for the benefit of the child."). In *In re Harbour*, 227 B.R. 131, 132 (Bankr. S.D. Ohio 1998), the

5

court found that "a former custodial parent's claim for child support arrearages remains superior to all others." Therefore, the arrearage is a part of the bankruptcy estate under Ohio law.

Although the Ohio exemption statute uses the general term "child support" and does not distinguish between *current* child support and *past-due* child support, many Ohio bankruptcy courts hold that the Ohio statute does include past-due child support, or child support arrearage. In *In re Edwards*, 255 B.R. 726 (Bankr. S.D. Ohio 2000), the trustee objected to the debtor's claim of exemption for child support arrearage and cited the unreported decision of *In re Harris*, No. 2-80-00761 (Bankr. S.D. Ohio 1981), to support the contention that child support arrearage is not exempt.

However, in the *Edwards* decision, Judge Calhoun cited to two earlier decisions, which he described as "more reasoned" than *Harris*, for the proposition that the "right to receive" language of section 2329.66(A)(11) encompasses not only the right to receive future payments, but also the right to receive past payments, such as child support arrearage. 255 B.R. at 727 (citing *In re Harbour*, 227 B.R. at 133 and *In re Davis*, 167 B.R. 104, 106 (Bankr. S.D. Ohio)). Judge Calhoun therefore found *Harris* to be unpersuasive, and determined that the Ohio provision allows for an exemption in child support arrearage "to the extent

6

reasonably necessary to support the debtor and his or her dependents." 255 B.R. at 727. This Court finds the court's decision in *Edwards* to be persuasive as to the exemption of child support arrearage under section 2329.66(A)(11).

In the present case, the trustee objects to the exemption on the grounds that, since the arrearage is for payment meant to support the debtor's children, and since the debtor's children are no longer dependent on her, the exemption for child support arrearage cannot apply to the debtor as a matter of law. However, this Court cannot find any example where Ohio courts have held the arrearage to be exclusively for the present or future support of the child. Instead, courts award arrearage directly to the custodial parent, even if that parent is no longer caring for the child. *See Connin v. Bailey*, 472 N.E.2d 328 (Ohio 1984); *Myers v. Myers*, 768 N.E.2d 1201 (Ohio 2002) (holding that laches did not bar recovery of child support). In both cases, the parent received the child support arrearage and did not have to account for its use, although the child had long since become an adult.

Likewise, in *Edwards*, *Harbour*, and *Davis*, the courts held that any arrearage was part of the bankruptcy estate, and was to be exempted as reasonably necessary for the support of both the debtor and any dependents. 255 B.R. at 728, 227 B.R. at 132, 167 B.R. at 106.

Similarly, in keeping with the duty under Ohio law "to give effect to the

7

15-10859-aih    Doc 39    FILED 06/30/15    ENTERED 06/30/15 10:56:24    Page 7 of 12

words used, not to delete the words used," 453 B.R. at 251, bankruptcy courts generally do not make a distinction between support going to the debtor, and support going to his or her dependents, when construing the exemption provision. *See* 255 B.R. at 726 (holding that an exemption for child support arrearage was allowed for the support of the debtor and her dependents); *In re Smith*, No. 12–30711, 2012 WL 7006405 (Bankr. S.D. Ohio, Dec. 18, 2012) (holding that an adoption tax credit was properly exempted for the support of both the debtor and dependents). Certainly, the Ohio exemption statute should not be read as exempting child support from only the *child's* creditors.

Furthermore, if the courts were to read out "in support of the person" from Ohio Rev. Code § 2329.66(A)(11), so that the custodial parent was required to use the child support arrearage exclusively for the present or future support of the child, the asset would be held in trust for the child; however, Ohio law does not treat child support payments as held in trust for the custodial parent's dependents. Indeed, if that were the case, the child support payments, present or past, would not even be property of the debtor's estate under § 541. Instead, Ohio courts award the arrearage directly to the custodial parent, without imposing an accounting requirement. *See Sutherell v. Sutherell*, 1999 WL 417990 at *6.

Therefore, this Court is persuaded by the better reasoned *Davis*, *Edwards*,

and *Harbour* opinions, which make no distinction between whether the asset was meant for past or present support, and are more in keeping with Ohio's requirement to liberally construe the provision in favor of the debtor. *In re Alam*, 359 B.R. 142, 148 (B.A.P. 6th Cir. 2006).

The Court acknowledges that Ohio law does not explicitly allow for child support to directly support the custodial parent as well as the dependent child. However, once the right to receive child support is a part of a bankruptcy estate under 11 U.S.C. § 541, the Ohio exemption provision does not distinguish between the debtor and any dependents, when allowing for the support to be exempted to the extent reasonably necessary. Therefore, the Court rejects the argument that, as a matter of law, a debtor can never exempt child support arrearage under § 2329.66(A)(11), when the children are no longer dependents of the debtor.

Here, the trustee also objects to the exemption on the grounds that the debtor would profit by discharging her debts. In support of the objection, the trustee cites to an unpublished decision, *In re Jefferson*, 1989 Bankr. LEXIS 1034 (Bankr. S.D. Ohio 1989), where the court relied on *Harris* to state that limiting exemptions to only "ongoing future support payments is consistent with the fresh start granted by discharge in bankruptcy." *In re Jefferson*, 1989 Bankr.

9

LEXIS 1034, *7. The trustee asserts that the debtor incurred debts, now discharged, to make up for the past-due child support payments, and that therefore the debtor would receive "an advantageous recovery of assets from the past while discharging obligations that arose in the past." Trustee's Brief at 1 (Docket No. 36).

However, the trustee's assertion that the debtor incurred her now discharged debts to make up for the past due child support is mere speculation and is devoid of evidentiary support. In fact, it is just as possible that the debtor went without necessities, such as medical treatment for herself, or deferred payment on her nondischargeable student loans, in order to provide for her children in lieu of the child support that was not forthcoming. Furthermore, the debtor is prevented from receiving a "sweet financial bonus," (*Jefferson* at *7, quoting *Harris*) because the exemption is only allowed to the extent "reasonably necessary for the support of the debtor or any of [her] dependents." Ohio Rev. Code. § 2329.66(A)(11).

The Court therefore concludes that the Ohio exemption statute covers both the debtor and the debtor's dependents, and that this debtor may therefore claim the exemption to the extent necessary for her support. In other words, even if the children for whom the support was intended are no longer dependents of the debtor, the Ohio statute would still exempt the child support arrearage to the

extent reasonably necessary to support the debtor herself.

Having determined that § 2329.66(A)(11) exempts child support arrearage to the extent reasonably necessary for the support of the debtor, the Court must next determine whether the arrearage in question is reasonably necessary for the support of this debtor. "Reasonable necessity is a factual determination to be made on a case by case determination . . . The court must consider both present and future needs of the debtor when deciding if this reasonable necessity exists." *In re Cluckey*, 221 B.R. 192, 193 (Bankr. N.D. Ohio 1998) (internal citations omitted).

The burden is on the trustee to show that the child support arrearage is not reasonably necessary for the support of the debtor. Fed. R. Bankr. P. 4003(c). In the present case, the Court gave both the debtor and the trustee the opportunity to request an evidentiary hearing by June 16, 2015; however, neither party requested an evidentiary hearing. Instead, the trustee relied on the legal argument, rejected by the Court, that a debtor can never exempt child support arrearage when her children are no longer dependent on her for support. To the extent that there is a failure of proof on the issue of whether the funds are reasonably necessary for the debtor's support, the party bearing the burden of proof, the trustee, is the one who must lose on this issue. *See* Fed. R. Bankr. P. 4003(c); 255 B.R. at 728.

11

Moreover, while neither party entered evidence on the record, the Court notes that the debtor's schedules are consistent with a determination that the arrearage is reasonably necessary for the support of the debtor. For example, the debtor reports that she has no income other than an arrearage payment of approximately $344 a month, and that she owes more than $14,000 in student loan debt, which is nondischargeable under 11 U.S.C.§ 523(a)(8).

Therefore, the Court finds the trustee has failed to demonstrate, by a preponderance of the evidence, that the defendant's right to receive approximately $9,000 in child support arrearage is not reasonably necessary to support the debtor.

## CONCLUSION

For the foregoing reasons, the Court overrules the trustee's objection to the debtor's claim of exemption (Docket No. 17).

IT IS SO ORDERED.